Curia, per

Wardlaw, J.
The bond is for the payment of money only; it is payable to the plaintiff, the Commissioner in Equity. And no transfer of his legal right, or so far as this court is informed, even of his possession, has been made. The order of the Court of Equity which directed the sale of the land and taking of the bond contained no direction for distribution of the funds ; and no such directions have since been given by that court. It is clear then in this case, that this court must do, what perhaps it would do in every case where there has been no actual *658 assignment of the legal interest of the obligee or authority from him, disregard payments made to, or assignments made by, persons not clothed with his rights. It will thus be left to the Court of Equity to direct its own affairs, and finally decide its own cases; to say what influence the acts of the parties shall have over a fund in possession of that Court, and to exercise its discretion as to the mode in which the wife’s interest in money, arising from sale of her lands, made by order of that court, shall be protected; and as to the effect which shall be given to the husband’s assignment of the wife’s interest in a fund which an officer of that court is to receive for distribution. The motion is therefore dismissed.
Richardson, O’Neall, Evans, Butler and Frost, JJ. concurred.